UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
|---|---|---|---|
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 1 of 8 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PARTIES' MOTIONS *IN LIMINE* [27] [28] [29] [30] [37] [38] [40]**

The parties have filed their respective *motions in limine* ("MILs"). Plaintiff Pamela L. Morrison filed five MILs, and Defendants Universal City Studios LLC, NBCUniversal, LLC, NBCUniversal Media, LLC, and Comcast Corporation, opposed all. [Doc. ## 29, 30, 37, 38, 40, 47–51.] Defendants filed two MILs, and Morrison opposed both. [Doc. ## 27–28, 52–53.] Having carefully considered the parties' written submissions, the Court renders the following rulings. The Court held a hearing on January 21, 2025.

Having duly considered the parties' written submissions and oral argument, the Court issues the following rulings.

**I.**
**DISCUSSION**

**A.      Morrison's MIL No. 1**

Morrison's MIL No. 1 seeks to exclude the testimony, reports, opinions, or any other evidence related to any and all Defense Expert Witnesses for failure to designate or disclose affirmative or rebuttal experts pursuant to Federal Rule of Civil Procedure 26(a)(2). [Doc. # 29 at 1.][1] Defendants oppose on the basis that Defendants did not designate expert witnesses and did not identify any expert witnesses on the witness list. [Doc. # 47 at 1–2.] Indeed, the parties submitted their joint trial witness time estimate which lists only one witness for Defendants, Daniel Stucker, the Senior Director of Engineering and Safety, Control Systems and Functional Safety at Universal Studios. [Doc. # 32 at 5.]

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
| Title | Pamela L. Morrison v. Universal City Studios, LLC, et al. | Page | 2 of 8 |

Motions *in limine* should not be brought to present all conceivable evidentiary objections that *might* arise at trial. *See Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1095 (C.D. Cal. 2012). Plaintiff's counsel obviously did not meet and confer with opposing counsel prior to filing the motion. *See* Scheduling and Case Management Order [Doc. # 13 at 7] ("Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion."). Morrison's MIL No. 1 is **DENIED as moot**.

**B.     Morrison's MIL No. 2**

Morrison's MIL No. 2 seeks to exclude any and all evidence of or testimony regarding sub rosa surveillance of Morrison as irrelevant under Federal Rule of Evidence 402, unduly prejudicial under Rule 403, and improper impeachment evidence under Rule 608. [Doc. # 30 at 1.] Morrison claims Defendants will use the sub rosa surveillance video to impeach Morrison or claim she is uninjured. *Id.* Defendants assert that they do not intend to introduce sub rosa surveillance video and assert there is no basis to anticipate they will. [Doc. # 48 at 2.] For the same reasons stated above regarding Morrison's MIL No. 1, Morrison's MIL No. 2 is **DENIED as moot**.

**C.     Morrison's MIL No. 3**

Morrison's MIL No. 3 seeks to exclude any and all evidence of or testimony regarding Plaintiff's weight or size as irrelevant under Federal Rule of Evidence 402, and unduly misleading and prejudicial under Rule 403. [Doc. # 37 at 1.] Defendants contend, in pertinent part, that Morrison's weight is relevant to her life expectancy insofar as she has a claim for economic future damages. [Doc. # 49 at 6.] Life expectancy is a question of fact "based on all relevant factors, including . . . health, lifestyle, and occupation." *McAsey v. U.S. Dep't of Navy*, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) (citing *Allen v. Toledo*, 109 Cal. App. 3d 415, 424 (1980)). Because Morrison's weight is relevant for that purpose, Morrison's MIL No. 3 is **DENIED**.

**D.     Morrison's MIL No. 4**

Morrison's MIL No. 4 seeks to exclude "any and all" evidence regarding the amounts of Plaintiff's past medical special expenses, or bills, as irrelevant under Federal Rule of Evidence 402, and unduly misleading and prejudicial under Federal Rule of Evidence 403. [Doc. # 38 at 1–3.] Morrison argues that although the treatments themselves are relevant, because she has waived her past medical damages and only requests future medical expenses and noneconomic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
| Title | Pamela L. Morrison v. Universal City Studios, LLC, et al. | Page | 3 of 8 |

damages the bills and charges for her past treatments are irrelevant. [Doc. # 38 at 3.] The amounts of her past treatments are relevant to the cost of her future medical expenses to the extent they are related to the same conditions, and may be relevant to her noneconomic damages. *See Pearl v. City of Los Angeles*, 36 Cal. App. 5th 475, 491 (2019) ("The [noneconomic damages] inquiry is inherently subjective and not easily amenable to concrete measurement."). Morrison's MIL No. 4 is **DENIED without prejudice** to more particularized objections to specific past unrelated medical expenses.

**E.      Morrison's MIL No. 5**

Morrison's MIL No. 5 seeks to exclude the testimony of Defendants' witness Brian Stucker for failure to disclose his identity during initial disclosures or discovery pursuant to Federal Rule of Civil Procedure 26(a)(1), and for the Court to sanction Defendants under Federal Rule of Civil Procedure 37(c). [Doc. # 40 at 1.] Defendants did not include Stucker in their initial disclosures on September 6, 2024, or provide his information before the close of fact discovery on October 15, 2024. [Doc. # 40 at 3.] Defendants only identified him when the parties conferred on their Joint Trial Witness Time Estimate Form ("Witness Form") which was filed December 31, 2024. *Id.*

On the Witness Form, Stucker is described as "the Senior Director of Engineering and Safety, Control Systems and Functional Safety at Universal Studios." [Doc. # 32 at 5.] Defendants are listed as the Direct Examiner and the description states he "will testify about the subject attraction, policies and procedures related to safety and operation of the subject attraction, and the process to get the [subject] attraction approved for operation by the City and DOSH (Cal/OSHA)." *Id.*

Defendants oppose on the basis that they intend to use Mr. Stucker's testimony to "impeach and discredit" Morrison's expert witness Choi by "undermining [his] claimed factual grounds" for his opinions. [Doc. # 51 at 2.] Under Rule 26(a)(1)(A)(i), the name of each individual likely to have discoverable information must be provided unless the use would be solely for impeachment. Morrison's MIL No. 5 is **DENIED**. Stucker may testify *only* for impeachment purposes, but is otherwise excluded for failure to timely disclose. Defendants shall be required to provide an offer of proof that the proposed testimony is for impeachment purposes only prior to placing Stucker on the stand.

**F.      Defendants' MIL No. 1**

Defendants' MIL No. 1 seeks to exclude or limit the opinions of Morrison's accident reconstruction and occupational safety expert witness, Ban Choi, MS. [Doc. # 27 at 2.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
|---|---|---|---|
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 4 of 8 |

Defendants argue that Choi's opinions should be excluded as conclusory, unhelpful, and misleading. [Doc. # 27 at 2.] Specifically, Defendants contend that: (1) all of Choi's opinions are conclusory assertions about ultimate legal issues; (2) Choi's first and second opinions are not helpful to the trier of fact; and, (3) the little probative value in Choi's conclusory and misleading opinions are substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence under Federal Rule of Evidence 403. [Doc. # 27 at 3, 4.] Additionally, Defendants contend that Choi's opinions should be excluded since they are based on an "unauthorized inspection" he conducted of the ride in question in violation of Federal Rule of Civil Procedure 34(a)(2). [Doc. # 27 at 2, 4.] The Court addresses each issue in turn.

> Mr. Choi's expert report has three opinions:
>
> (1) If Plaintiff Morrison were not allowed to ride for any reason, it was Defendant Universal City Studio's violation of its own policies and procedure that led to the improper screening of Plaintiff Morrison, which ultimately led to the subject incident.
>
> (2) If it were determined that Plaintiff Morrison was not allowed to ride the Forbidden Journey for any reason, a safer protocol would have been to stop the moving walkway before instructing her to step off the moving walkway. This would have been at no extra cost to Defendant Universal City Studios.
>
> (3) Entering and exiting a moving walkway perturbs the gait stability of the walkers, even when entering/exiting in the longitudinal direction of the moving walkway. Given that Plaintiff Morrison was walking in the lateral direction of the moving walkway while feeling rushed to get off the moving walkway, her gait instability would have been greater.

[Doc. # 27 at 2.] *See also* Defendants' MIL No. 1, Ex. 4 ("Mr. Choi Report") at 22 [Doc. # 27 at 22–33].

> Under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny,
>
> [T]he court must assess [an expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one. Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 5 of 8 |

> to the burden of proof . . . . Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (internal quotations and citations omitted). In evaluating expert testimony, "the trial court is 'a gatekeeper, not a fact finder.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)).

### 1. Conclusory Assertions on Ultimate Legal Issues

"An opinion is not objectionable just because it embraces an ultimate issue." Federal Rule of Evidence 704(a). Rule 704, however, does not admit *all* opinions. *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). An expert witness "cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Id.* (internal quotations omitted) (emphasis in original). Here, Choi's opinions may embrace arguably ultimate issues such as whether Defendants violated their own policies and procedures, but it does not provide opinions on *legal* conclusions. Furthermore, Choi's opinions are not bare conclusions, as his report lists the materials he reviewed and the analytical steps he took to reach his opinions. *See* Choi Report at 21–25, 31; *Bieghler v. Kleppe*, 633 F.2d 531, 533–534 (9th Cir. 1980) (affirming the admission of an accident reconstruction expert witness' affidavit where the expert's affidavit was "more than a bare conclusion" of negligence since it showed his qualifications and the study he undertook to form his opinions).

### 2. Helpfulness to the Trier of Fact

Choi holds a B.S. in Physics and an M.S. in Professional Physics. Defendants' MIL No. 1, Ex. 3 ("*curriculum vitae*") [Doc. # 27 at 15]. He has been a forensic scientist at the Institute of Risk and Safety Analyses since 2018, as relevant to the premises liability claim here, and applies his knowledge of building codes, standards, federal regulations, policies and protocols related to the incident at hand to determine potential causes. *Id.* at 15. Of his professional society memberships and certifications, his relevant ones include a certification in "Occupational Safety and Health Administration (OSHA) 30 Hour General Industry" in 2020 and memberships in the California Associations of Accident Reconstruction Specialists (CAARS) and National Association of Professional Accident Reconstruction Specialists (NAPARS). *Id.* He has analyzed "in excess of 300 premises liability cases" in which he rendered opinions on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
|---|---|---|---|
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 6 of 8 |

"reconstruction, human factors and biomechanics via expert reports, declarations, conference calls and testimony." *Id.*

Defendants contend that Choi's first and second opinions will not help the trier of fact understand the evidence or determine any facts in issue. [Doc. # 27 at 3.] Fed. R. Evid. 702. According to Morrison, Choi reviewed over 7000 pages of technical documents on policy, procedure, and inspections. [Doc. # 52 at 5.] In *Desrosiers*, the Ninth Circuit affirmed the district court's admission of an accident reconstruction expert witness' testimony, finding that it was reliable, relevant, and helpful to the trier of fact. *Desrosiers v. Flight Int'l of Fla. Inc.*, 156 F.3d 952, 961 (9th Cir. 1998).[2] The Ninth Circuit pointed to the expert witness' "extensive experience with instrumentation analysis and electric equipment" and his methodology of reviewing records, depositions, service manuals, textbooks, and the tape of the event. *Id.* at 961.

Choi's methodology of reviewing relevant records, including policies akin to manuals and textbooks, and relevant experience with accident reconstruction specifically pertaining to slip-and-falls, renders him a qualified expert witness able to offer reliable, relevant, and helpful opinions to the jury. His first and second opinions are tethered to safety policies and procedures pertaining to premises liability accidents.

### 3. Federal Rule of Evidence 403

Choi's report and testimony are probative of Defendants' policies and procedures and Morrison's gait stability, which go to the elements of Morrison's negligence and premises liability claims and Defendants' comparative fault defense. Defendants do not specify what prejudice may result. *See* Doc. # 27 at 4. They argue that Choi's opinions are conclusory, and therefore are misleading and a waste of time and resources. *Id.* Since the Court has determined that Choi's opinions are not conclusory, *see supra* Part F(1), the probative value substantially outweighs any dangers of prejudice under Rule 403.

\\
\\
\\

---

[2] The Ninth Circuit in *Desrosiers* analyzed the admissibility of the testimony under both Federal Rule of Evidence 702 and *Daubert*. The distinction between "scientific" and "technical" testimony noted in *Desrosiers* was eliminated in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), but the analysis under *Daubert* remains good law. *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) ("[T]hese cases are still good law to the extent that they permit the admission of expert testimony on the basis of the expert's "knowledge, skill, experience, training, or education," which is consistent with *Kumho Tire*.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 7 of 8 |

**4. Federal Rule of Civil Procedure 34(a)(2)**

Federal Rule of Civil Procedure 34(a)(2) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): [] to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." The party served with a request under Rule 34 has time to then respond and may permit or object to the inspection. Fed. R. Civ. P. 34(b)(2).

Choi visited the location of the ride at issue in Universal Studios Hollywood on November 16, 2024 for three to four hours during a period of public access. [Doc. # 27 at 4.] He took video and photographs, rode the ride, observed others riding the ride, and spoke to employees. *Id.* When deposed, Choi stated that he relied upon his observations, photos, and videos during his inspection to form his opinions. [Doc. # 27 at 38.] Choi's expert report includes his "Inspection Photographs and Videos taken on November 16, 2024" in his list of sources and lists "Inspection observations" as sources under all three of his opinions. Choi Report at 22, 24. Although Morrison's counsel were not aware of when Choi intended to visit the park, he "told them at some point" he would "go and take a look before the designation date." [Doc. # 27 at 42.]

Choi's inspection falls within the purview of Rule 34. Indeed, Morrison's counsel were aware that Choi intended to inspect the ride but did not serve a request for inspection upon Defendants, therefore circumventing Defendants' opportunity to object. This failure, however, is not prejudicial because Defendants do not identify what objections they would have made if the inspection were requested before receiving his expert report or conducting his deposition. Indeed, the inspection was in an area open to the public and not conducted in a surreptitious manner.

In light of the foregoing, Defendants' MIL No. 1 is **DENIED**.

**G. Defendants' MIL No. 2**

Defendants' MIL No. 2 seeks to exclude or limit the opinions of Morrison's designated expert witness, Stepan Kasimian, MD. [Doc. # 28 at 2.] Defendants argue that exclusion is warranted since: Dr. Kasimian delayed his deposition by being late and taking a personal call; during the deposition, Defendants learned of a telemedicine visit Dr. Kasimian had with Morrison on December 23, 2024, and of a corresponding report that was not produced to Defendants; and Defendants first learned that Dr. Kasimian physically met and examined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2119-DMG (KESx) | Date | January 21, 2025 |
| Title | *Pamela L. Morrison v. Universal City Studios, LLC, et al.* | Page | 8 of 8 |

Morrison for the first time on December 30, 2024, the same day as his deposition, and Morrison undertook an updated MRI and lumbar x-rays that purportedly have not been produced to Defendants. [Doc. # 28 at 2–3.] Additionally, Defendants assert that Dr. Kasimian's November 19, 2024 report did not include information from the visits conducted later on December 23 and 30, 2024, and that Morrison has not produced a report Dr. Kasimian "intended" to write. [Doc. # 28 at 3–4.]

Morrison's supplemental disclosures were made in a timely matter. Fed. R. Civ. P. 26(e)(1)(A). She provided an emailed copy of Dr. Kasimian's December 23, 2024 report during the deposition, which at three pages long,³ Defendants were able to review in its entirety during the deposition. [Doc. ## 28 at 2–3, 53 at 4.] Additionally, Dr. Kasimian screen-shared the MRIs and x-rays during his deposition, discussed his opinions from the December 30, 2024 visit during the deposition, and Morrison supplemented the December 30, 2024 report, x-rays, and MRI, by email on January 7, 2025. *See* Doc. # 53 at 4; Decl. of Taylor S. Kruse at ¶¶ 3, 5 [Doc. # 53 at 6]. Finally, there is no prejudice to Defendants as Dr. Kasimian was made available for a second deposition if requested by Defendants. [Doc. # 53 at 4, 5.] Defendants' MIL No. 2 is **DENIED** without prejudice to a second deposition prior to trial if Defendants request it.

**IT IS SO ORDERED**.

---

³ Defendants claim the December 23, 2024 report is two pages long. [Doc. # 53 at 4.] The copy of the December 23, 2024 report attached by Morrison is three pages long, which the Court accordingly references. *See* Defendants' MIL No. 2, Ex. C at 53–55 [Doc. # 28 at 32–72].